IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WARRIOR MET COAL )<br>MINING LLC; MRC-FG LLC, )<br>)<br>Defendants. )<br>) | 7:22-cv-1178-LSC |

**Memorandum of Opinion and Order**

Plaintiff Black Warrior Riverkeeper Inc. ("Plaintiff") brings this action against Defendant Warrior Met Coal Mining, LLC ("WMC") under three statutes: (1) the Clean Water Act ("CWA") § 505, 33 U.S.C. § 1365; (2) the Surface Mining Control and Reclamation Act § 520, 30 U.S.C. § 1270; and (3) the Alabama Surface Mining Control and Reclamation Act, Ala. Code § 9-16-95. Before the Court is WMC's Opposed Motion to Stay (Doc. 10). For the reasons stated below, that Motion is due to be denied.

**I.   Background**

Plaintiff is a nonprofit corporation "dedicated to the protection and restoration of the Black Warrior River and its tributaries." (Doc. 1 p. 5). WMC is a

coal mining company. Plaintiff alleges that WMC has discharged, and continues to discharge, mine wastewater from their Mine No. 7 into a tributary of the Black Warrior River ("Tributary 1") through large volume seeps from Slurry Impoundment No. 14. Plaintiff contends that such a discharge would violate § 301(a) of the CWA, which prohibits discharges of any pollutants into waters of the United States without a permit issued by EPA or an authorized State Agency.

Plaintiff alleges that the discharges would not have complied with WMC's EPA or state agency permits. Although the Alabama Department of Environmental Management ("ADEM") issued WMC an NPDES permit for Slurry Impoundment No. 14 ("NPDES permit"), Plaintiff contends that the permit does not authorize the seep discharges. Moreover, although WMC was authorized, under the previous version of its NPDES permit, to discharge pollutants from a specific outfall at Slurry Impoundment No. 14 into Tributary 1, that authorization was previously discontinued, as WMC recognized on July 23, 2020.

WMC's Motion to Stay is largely based on their potential *future* NPDES permit. On June 21, 2022, Plaintiff sent a letter to WMC notifying it of its intention to file the present action. On August 10, 2022, WMC requested permission from ADEM "to authorize a new outfall . . . to capture, control, and monitor any" seep discharges into Tributary 1. (Doc. 10 p. 5). ADEM has said "that it has all the

required information to process the permit . . . [and] that a copy of the draft revised NPDES permit . . . should be made available to the public by the end of the year." (*Id.*). WMC seeks to stay this case pending ADEM's decision on the NPDES permit, claiming the modification of its NPDES permit "will render the present case moot or, at a minimum, materially alter the scope of issues to be resolved by the Court." (Doc. 10 at 1).

## II.   Standard of Review

District courts have the discretion to stay proceedings in the interest of justice. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). This authority is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.   Discussion

Citizen suits under the CWA are subject to two statutory limitations: Plaintiffs must give sixty days' notice to the EPA, state, and alleged violator of its intent to sue, and citizens suits are barred if the EPA or state is "diligently prosecuting" a civil or criminal enforcement action against the alleged violator. 33 U.S.C. §

1365(b)(1, 2). As WMC concedes, Plaintiff provided 60-day notice and neither the EPA nor ADEM is "diligently prosecuting" an enforcement action against WMC. Thus, the CWA's statutory limitations on citizen suits neither prohibits Plaintiff's action nor justifies a stay.

WMC's argument for a stay is based on this Court's inherent powers to control its docket in the interest of justice, *see CTI-Container,* at 1288, not the relevant statutory scheme. Specifically, WMC's argument is premised upon a future likelihood of mootness. That premise is flawed for at least two reasons.

First, WMC assumes that ADEM will issue the NPDES permit a year from now. But that assumption appears overly generous at this stage, given WMC has provided no evidence in support of that timeline or decision. From the Court's perspective, the NPDES permit could be granted tomorrow or denied in a few years. Second, even if ADEM issues the modified permit, that modified permit would, at most, moot Plaintiff's request for injunctive relief related to *present* and *future* CWA violations. The ripeness of Plaintiff's claims for penalties regarding *past* CWA violations would be unaffected by a new permit. *See Friends of the Earth*, 528 U.S. at 173–74 ("The appellate court erred in concluding that a citizen suitor's claim for civil penalties must be dismissed as moot when the defendant, albeit after

commencement of the litigation, has come into compliance."); *see also Powell v. McCormack*, 395 U.S. 486, 496 n. 8 (1969).

In addition, WMC has failed to demonstrate that the balance of equities favors a stay. WMC does not argue in its Motion that it will face any sort of hardship or inequity if the case *is not stayed*. In contrast, Plaintiff alleges it will suffer significant hardship if the case *is stayed*. Namely, a stay could further contribute to the pollution of the Black Warrior River. WMC argues there "will be no significant harm to the environment" if the stay is granted, but that assertion is not supported by the record.

If and when ADEM grants WMC's application to modify their NPDES permit, the Court will address whether that impacts this proceeding. WMC's Motion to Stay is DENIED.

**DONE** AND **ORDERED** ON OCTOBER 21, 2022.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
211854